UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LINDENSMITH,

    Plaintiff,                                                 Civil Action No. 10-CV-13530

vs.                                                        HON. BERNARD A. FRIEDMAN

MELISSA JEROME, et al.,

    Defendants.

_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Magistrate Judge Mark A. Randon has filed a Report and Recommendation ("R&R") in which he recommends that the court grant defendants' motion to dismiss. Plaintiff has filed 650 pages of objections, ten pages of which appear to be actual objections. *See* docket entries 38-42. Under Fed. R. Civ. P. 72(b) (3), the court reviews *de novo* those portions of an R&R to which a proper, specific objection has been made.

Plaintiff, a Michigan prison inmates, alleges that he ordered four books pertaining to his religion from The Teitan Press in March 2010. The books, which cost $153, were delivered to the prison by mail in April 2010. The mail room clerk, defendant Jerome, signed a "Notice of Package/Mail Rejection," informing plaintiff that the books would not be delivered to him because they had not come directly from an approved publisher or vendor. Plaintiff alleges that the prison chaplain, defendant Thompson, wrote something on the cover of plaintiff's package and told Jerome the books did not come from an approved publisher. Plaintiff filed a grievance. Defendant DeVerney investigated the grievance and denied it at Step I. A hearing was held by defendant Adams on May 14, 2010. Adams determined that one of the books had been properly withheld from plaintiff for the stated reason, but that the other three had come directly from the publisher and

should not be withheld. Adams also indicated that the books were missing. In an addendum to the hearing report dated May 21, 2010, Adams indicated that one of the approved books had been located and given to plaintiff. In October 2010 plaintiff filed a claim for reimbursement with the State Administrative Board, which approved the claim in the amount of $114.75.

Based on these facts, plaintiff asserts claims against Thompson, Jerome, Adams and DeVerney for "conspir[ing] to deprive the Plaintiff of his free exercise of his religious beliefs under the color of law in violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA)." He also alleges that Jerome lost his books in retaliation for filing the grievance. For relief plaintiff seeks compensatory damages for the three books, $31 million in punitive damages against Jerome and Thompson for violating his rights under RLUIPA, $11 million in punitive damages against Adams and DeVerney for participating in the conspiracy, $275,000 in damages against Jerome for retaliating against him, and an order barring the State of Michigan "from recieving Federal funds for the next 30 years."

The court has reviewed the file in this matter, including the R&R and plaintiff's objections. As the magistrate judge has explained in the R&R, defendants are entitled to dismissal of the complaint because damages are not available against the individuals in their personal capacity under RLUIPA and because defendants are entitled to Eleventh Amendment immunity insofar as plaintiff is suing them in their official capacities. These points are explained in detail 6-8 of the R&R, and the court adopts this analysis.

In addition, defendants Thompson, DeVerney and Adams are entitled to dismissal of the complaint as to them for failure to state a claim. Even taking the allegations in the complaint at face value, these defendants were not involved in the decision to withhold delivery of plaintiff's

books. Plaintiff does not allege that Thompson, as the prison chaplain, had any authority to withhold mail from plaintiff or any other inmate, nor would such a suggestion be plausible. Thompson allegedly made "a notation on the cover of the package," but it was Jerome, not Thompson, who signed the "Notice of Package/Mail Rejection." Nor is any claim stated against DeVerney, whose only alleged involvement in the matter is that he investigated and then denied plaintiff's grievance at Step I, a decision Adams subsequently overturned. Adams' only alleged involvement is that held a hearing and ruled largely in plaintiff's favor, finding that plaintiff was entitled to three of the four books.

The only defendant who was actually involved in withholding plaintiff's books is Jerome, the mail room clerk. The claims against her fail, however, for a number of reasons. The RLUIPA claim fails because damages are not an available remedy under the statute. Further, although Jerome initially withheld plaintiff's books, she did so pursuant to a prison policy that has obvious security/anti-contraband purposes and was not on its face unduly burdensome to the free exercise of plaintiff's religion. Moreover, Jerome's decision to withhold the books was not, it turns out, the reason plaintiff did not receive them. As noted above, during the one-month period between the books' arrival at the prison and Adams' hearing on plaintiff's grievance, the books were lost. One was later found and provided to plaintiff. Adams has submitted an affidavit to this effect and plaintiff has no evidence to the contrary. Therefore, even assuming plaintiff had a First Amendment right to the other three books, the undisputed fact is that the books were not deliberately withheld, but lost. Negligence is not actionable under 42 U.S.C. § 1983. Moreover, plaintiff was compensated for the three missing books in an amount that, plaintiff acknowledges, closely approximates the purchase price.

For these reasons,

IT IS ORDERED that Magistrate Judge Randon's R&R is hereby accepted and adopted as the findings and conclusions of the court.

IT IS FURTHER ORDERED that defendant's motion to dismiss or for summary judgment [docket entry 25] is granted.

|  |  |
|---|---|
| Dated: December 14, 2011<br>Detroit, Michigan | S/Bernard A. Friedman_____<br>BERNARD A. FRIEDMAN<br>SENIOR UNITED STATES DISTRICT JUDGE |